Littleton, Judge,
delivered the opinion of the court:
The question in this case is whether the plaintiff, who acquired $2,500 in gold coins of the United States in January 1933, and who, not holding a Federal license to hold or deal in gold coin, thereafter, in March 1934, delivered such gold coins to the defendant and received therefor $2,500 in other currency of the United States, is entitled to receive any further sum from the United States.
Plaintiff urges that the gold coins in his possession were surrendered pursuant to an agreement with the United States District Attorney and that the part of this agreement to the effect that the gold coins would be expressed directly to a Federal Reserve Bank, in order to avoid publicity, was breached. If it be assumed that this promise was supported by an adequate consideration and that the United States Attorney was authorized to make it, it is clear that its breach is immaterial to the question whether plaintiff is entitled to recover any greater amount than was paid to him for the reason that, at best, it places plaintiff in the same position as one who involuntarily surrendered gold coin to the United States and received in payment therefor an equal face amount of legal tender currency. In these circumstances it is clear from Nortz v. United States, 294 U. S. 317, 328, that plaintiff is not entitled to recover. See, aiso, Uebersee Finanz-Korporation Aktien Gesellschaft v. Rosen, et al., 83 Fed. (2d) 225, 230. In the Nortz case, supra, the-holder of gold certificates had surrendered them and received in payment thereof an equal face amount of legal tender currency. The legislation and regulations which required this, surrender were equally applicable to gold coin. Neither the *589 plaintiff in tbe Nortz case nor the plaintiff herein held a Federal license to hold gold coins. The court held in the Nortz case that the power of Congress to regulate the currency system of the country and to enact the legislation referred to “could not be successfully challenged” and that Nortz was not entitled to receive any sum in excess of the amount of the gold certificates surrendered.
The court further said:
The asserted basis of plaintiff’s claim for actual damages is that, by the terms of the gold certificates, he was entitled, on January 17, 1984, to receive gold coin. It is plain that he cannot claim any better position than that in which he would have been placed had the gold coin then been paid, to him. But, in that event, he would have been required, under the applicable legislation and orders, forthwith to deliver the gold coin to the Treasury. Plaintiff does not bring himself within any of the stated exceptions. [Italics ours.]
In the instant case plaintiff was in possession of gold coins from and after January 1933. He held no Federal license to hold gold coins and under the applicable legislation and regulations he was required to surrender all of his gold coins not later than January 17, 1934. Upon such surrender he was entitled to receive $2,500 in other coin or currency, or legal tender, for the same amount and nothing more. (See Act of March 9, 1933, 48 Stat. 1; Executive Order No. 6102, April 5, 1933; Orders of Secretary of the Treasury, December 28, 1933, and January 15, 1934.) Contrary to the Act. of Congress, plaintiff retained possession of the gold coins until March 1934, when he surrendered them and received $2,500 in legal tender currency. We think it is clear under the decision in Nortz v. United States, supra, that plaintiff' cannot recover any additional amount. The petition is, therefore, dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; GREEN, Judge; and. Booth, Chief Justice, concur.