Green, Judge,
delivered the opinion of the court:
This case is submitted on a demurrer to the petition, which is in two counts, but the second count is now abandoned. The material allegations of the first count are:
That plaintiff is a citizen of the United States and has for several years been engaged in the purchase and sale of investments and properties situated in Canada. That it was necessary for the operation of such business that plaintiff should have available a large amount of gold, either in legal coin or bullion, and that for the purpose of carrying on this business, plaintiff acquired in the United States during the year 1932, $80,000 in gold coin of the United States, of which he had entire control, possession, and ownership up to March 10,1933, which gold coin plaintiff intended to take *170 from the United States to the Province of Ontario, Canada, for use in his business.
That on March 10, 1933, the Government of the United States placed an embargo on gold, ordered the cessation of bank disbursements of gold, and ordered and directed plaintiff and all other citizens of the United States to deliver up to the Government of the United- States all gold and gold coin of the United States in excess of the sum of $100 which was in their possession and receive in return therefor from the United States Government bank notes for the gold coin thus surrendered.
That thereafter and because of the demands and requirements of the United States and to avoid the fine and imprisonment threatened by the United States, plaintiff, between the dates of March 10, 1933, and April 14, 1933, was forced to and did surrender and deliver to the United States, through banks which were its designated representatives, the sum of $80,000 in gold coin of the United States and received from these banks notes of the United States in the face amount of $80,000.
Thereafter, in order to. carry on and operate plaintiff’s business, as aforesaid, it became necessary for the plaintiff to purchase from the Royal Mint of Canada approximately 3,616 ounces of gold at a cost to plaintiff of $113,249.11. That the gold theretofore delivered by plaintiff to the United States amounted to 3,870 ounces for which the United States allowed plaintiff only $20.67 per ounce, although the market value thereof was in excess of $31 per ounce, and to replace it in Canada cost plaintiff $31.31 per ounce which was the regular market cost and value of gold in the open market both in Canada and the United States at the time of such purchase.
Plaintiff has demanded from defendant the additional sum of $33,249.11, being the difference between the value of the gold which he delivered to the defendant and the cost of replacing it as above stated, which demand has been refused by defendant and plaintiff has never been compensated in any way for the loss which he sustained by reason of the acts of the defendant, as above stated. Wherefore, the plaintiff asks judgment against the defendant for $33,249.11.
*171 We think the question involved in the case has been so well settled by previous Supreme Court decisions that no elaborate discussion is necessary.
The plaintiff’s petition asks for recovery on the ground that he has not received just compensation for the gold which the Government took over. Obviously, he is not entitled to compensation unless he has been' damaged in some way by the action of the defendant and the action therefore is one for damages.
It will be seen from the allegations in the petition that the damages alleged to have been sustained resulted from the inability of plaintiff, under the laws of the United States, to keep the gold which he originally possessed and use it in his Canadian business. In the case of Nortz v. United States, 294 U. S. 317, 328, the plaintiff did not deny and the court assumed “that the Congress had authority ‘to compel all residents of this country to deliver unto the Government all gold bullion, gold coins, and gold certificates in their possession.’ These powers could not be successfully challenged.” [Citing a number of cases.] If Congress had this power, it could lawfully exercise it, and plaintiff could not properly claim any damage from such action.
In the Nortz case, supra, the plaintiff sought to recover damages by reason of the refusal of the Government to deliver him gold to the amount specified in certain gold certificates which he held and the court said:
Had plaintiff received gold coin for his certificates, he would not have been able, in view of the legislative inhibition, to export it or deal in it.
So also in the instant case, if plaintiff had been permitted to keep his gold instead of being required to deliver it up, he would not have been able to export it to Canada or deal with it in any way.
The case of Perry v. United States, 294 U. S. 330, was one in which the plaintiff brought suit as owner of a bond issued by defendant which provided:
The principal and interest hereof are payable in United States gold coin of the present standard of value.
*172 Upon the question of whether the plaintiff had sustained any damage by reason of the refusal of the Government to pay the face amount of the bond in gold coin, the Supreme Court said (p. 356):
There can be no serious doubt that the power to coin money includes the power to prevent its outflow from the country of its origin.
And on the following page of the opinion, the court said:
In considering what damages, if any, the plaintiff has sustained by the alleged breach of his bond, it is hence inadmissible to assume that he was entitled to obtain gold coin for recourse to foreign markets, or for dealings in foreign exchange, or for other purposes contrary to the control over gold coin which the Congress had the power to exert, and had exerted, in its monetary regulation.
See also Blanchard v. United States, 86 C. Cls. 585, a quite similar case.
Following the rule laid down in these cases, we are constrained to hold that the plaintiff has sustained no damage by reason of being compelled to' deliver up his gold under the circumstances described in the petition.
The demurrer must be sustained and the plaintiff’s petition dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.